## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

**Kenneth Nixon**
**326 Cornwall Avenue**
**Buffalo, NY 14215**

**09 CV 0237** A(Sr)



Plaintiff,

CIVIL COMPLAINT

-vs-

Docket No.:

**Gwendolyn Cole-Hoover**
**7557 Greenbush Road**
**Akron, NY 14001**

and

**Andrea Cole-Camel**
**PO Box 462**
**Blythewood, SC 29016**

UNITED STATES DISTRICT COURT
FILED
MAR 1 3 2009
MICHAEL J. ROEMER, CLERK
WESTERN DISTRICT OF NY

**Defendants.**

Plaintiff, in the above captioned action, through his undersigned attorney, respectfully alleges and prays as follows:

### NATURE OF THE ACTION

1. This civil action, seeking equitable and injunctive relief, is brought on behalf of Plaintiff against Defendants for slander *per se*, libel, defamation, breach of contract, intentional infliction of emotional distress and tortuous interference with employment and business.

### JURISDICTION and VENUE

2. This Court has jurisdiction of this action is based on diversity of citizenship of

the parties, pursuant to 28 U.S.C. § 1332, an amount in controversy in excess of $75,000.00, exclusive of interest and costs.    Plaintiff invoke this Court's pendent jurisdiction, pursuant to 28 U.S.C. § 1367 asserting violations of New York State law. Relief is sought, in part, pursuant to Fed. R. Civ. P. 57 and 65.

3.  The venue of this action is properly placed in the United States District Court for the Western District of New York, pursuant to 28 U.S.C. 1391 (b) and (c), because plaintiff resides in this federal judicial district and because events giving rise to the claims set forth by plaintiff in this Complaint have occurred in this federal judicial district.

## THE PARTIES

4.  Plaintiff Kenneth Nixon is a citizen of the United States and a resident of the City of Buffalo, County of Erie and State of New York.

5.  Plaintiff Kenneth Nixon is above the age of 18.

6.  Defendant Gwendolyn Cole-Hoover, is a citizen of the United States and a resident of the City of Akron, County of Erie and State of New York.

7.  Upon information and belief, Defendant Gwendolyn Cole-Hoover is above the age of 18.

8.  Defendant Andrea Cole-Camel, is a citizen of the United States and resident of the City of Columbia, County of Richland and State of South Carolina.

9.  Upon information and belief, Defendant Andrea Cole-Camel is above the age of 18.

10. Upon information and belief, Defendants Gwendolyn Cole-Hoover and Andrea Cole-Camel are sisters, being the children of the same parents.

## DEMAND FOR TRIAL BY JURY

11. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demand a jury trial of all issues so triable.

## FACTUAL ALLEGATIONS RELEVANT TO ALL CAUSES OF ACTION

12. On or about November 29, 2008, Defendant Gwendolyn Cole-Hoover duly executed and A Durable General Power of Attorney, pursuant to Article 5, Title 15 of New York State's General Obligation Law, appointing Plaintiff Kenneth Nixon as her attorney-in-fact to exercise power and discretions set forth in the Durable Power of Attorney.

13. That at all times relevant herein, until on or about February 25, 2009, the Durable Power of Attorney executed by Defendant Gwendolyn Cole-Hoover had not been revoked and remained in effect.

14. That Defendant Gwendolyn Cole-Hoover had engaged the consulting services of Plaintiff Kenneth Nixon to resolve a myriad of personal and professional problems, including resolution of ongoing disputes with family members.

15. That at all times herein, Defendant Gwendolyn Cole-Hoover promised to pay Plaintiff for his services and expenses, by cash and credit, and in fact did so from the date the Durable Power of Attorney was executed.

16. That on or about February 2, 2009, Defendant Gwendolyn Cole-Hoover instructed Plaintiff to borrow approximately $29,000 from her sister Defendant Andrea Cole-Camel and to memorialize such loan in writing. Plaintiff did as he was instructed and executed a Confession of Judgment on behalf of Defendant Gwendolyn Cole-Hoover to the benefit of Defendant Andrea Cole-Camel.

17. That, pursuant to multiple discussions and instructions from Defendant Gwendolyn Cole-Hoover, Plaintiff accepted monies from Defendant Andrea Cole-Camel on behalf of Defendant Gwendolyn Cole-Hoover and disbursed such funds, as was directed by Defendant Gwendolyn Cole-Hoover, including paying between $12,000 and $15,000 of such funds.

18. That on or about February 2, 2009, Plaintiff, while in Columbia, South Carolina, did received approximately $29,000 in cash and cashier's checks from Defendant Andrea Cole-Camel, all pursuant to the instructions and full knowledge of Defendant Gwendolyn Cole-Hoover.

## FIRST CAUSE OF ACTION

19. Plaintiff repeats paragraphs 1 thorough 18 as if fully set forth herein.

20. Upon information and belief, on or about February 25, 2009, Defendant Gwendolyn Cole-Hoover spoke the following false and defamatory words concerning Plaintiff: "He (referring to plaintiff) stole my money. He stole $23,000 that my sister (referring to Defendant Andrea Cole-Camel) gave him to give to me."

21. Upon information and belief, these statements, which are malicious, harmful and untrue, were, upon information and belief, prompted by malign motives and an intent to injure and discredit Plaintiff.

22. Upon information and belied, Defendant Gwendolyn Cole-Hoover, was actuated by actual malice in the she knew that the statement made by her concerning Plaintiff were false and untrue and were submitted and published with reckless and wanton disregard of whether they were false or true.

23. Plaintiff is not a public figure.

24. Plaintiff who is a law school graduate, college professor, and consultant, who has worked as a law clerk for the late attorney Johnnie L. Cochran, and others; have taught at local colleges and universities; have been a law clerk for the late Supreme Court Judge David Mahoney; and have served as counselor to Deputy New York State Assembly Speaker Arthur O. Eve (retired); and have served as a management and business consultant to a host of local and national organizations.

25. Plaintiff demands judgment against Defendant Gwendolyn Cole-Hoover for injunctive relief and actual, special and punitive and compensatory damages in an amount deemed at time of trial to be just, fair and appropriate but because of Defendant Gwendolyn Cole-Hoover's false and defamatory statement, Plaintiff's good name and reputation have been injured, and Plaintiff has suffered great pain and mental anguish; greatly damaged and injured in his professional reputation and standing; and has been subjected to great shame, humiliation and indignity all to his damage in the sum of not less than $ One-Million Dollars ($1,000,000).

## SECOND CAUSE OF ACTION

26. Plaintiff repeats paragraphs 1 thorough 25 as if fully set forth herein.

27. Upon information and belief, on or about February 25, 2009, Defendant Andrea Cole-Camel spoke the following false and defamatory words concerning Plaintiff: "He (referring to plaintiff) stole my money. He stole $30,000 that I intended for my sister (referring to Defendant Gwendolyn Cole-Hoover) to have."

28. Upon information and belief, these statements, which are malicious, harmful and untrue, were, upon information and belief, prompted by malign motives and an intent to injure and discredit Plaintiff.

29. Upon information and belied, Defendant Andrea Cole-Camel, was actuated by actual malice in the she knew that the statement made by her concerning Plaintiff were false and untrue and were submitted and published with reckless and wanton disregard of whether they were false or true.

30. Plaintiff is not a public figure.

31. Plaintiff who is a law school graduate, college professor, and consultant, who has worked as a law clerk for the late attorney Johnnie L. Cochran, and others; have taught at local colleges and universities; have been a law clerk for the late Supreme Court Judge David Mahoney; and have served as counselor to Deputy New York State Assembly Speaker Arthur O. Eve (retired); and have served as a management and business consultant to a host of local and national organizations.

32. Plaintiff demands judgment against Defendant Andrea Cole-Camel for injunctive relief and actual, special and punitive and compensatory damages in an amount deemed at time of trial to be just, fair and appropriate but because of Defendant Andrea Cole-Camel's false and defamatory statement, Plaintiff's good name and reputation have been injured, and Plaintiff has suffered great pain and mental anguish; greatly damaged and injured in his professional reputation and standing; and has been subjected to great shame, humiliation and indignity all to his damage in the sum of not less than $ One-Million Dollars ($1,000,000).

## THIRD CAUSE OF ACTION

33. Plaintiff repeats paragraphs 1 thorough 32 as if fully set forth herein.

34. Upon information and belief both Defendants intentionally and deliberately

inflicted emotional distress on Plaintiff by defaming him to many people, including by not limited to the following: several of Plaintiffs' friends and his business associates.

35. Defendant's conduct and statements are extreme and outrageous.

36. Upon information and belief, Defendants' conduct and statements were intended to cause severe emotional distress, or, in the alternative, Defendants completely disregarded the substantial probability of causing severe emotional distress to Plaintiff.

37. Plaintiff demands judgment against both Defendants for injunctive relief and actual, special and punitive and compensatory damages in an amount deemed at time of trial to be just, fair and appropriate for their intention infliction of emotional distress all to Plaintiff's damage in the sum of not less than $ One-Million Dollars ($1,000,000).

## FOURTH CAUSE OF ACTION

38. Plaintiff repeats paragraphs 1 thorough 37 as if fully set forth herein.

39. Upon information and belief, Defendants, acting in concert, have conspired to interfere with and cause great harm to Plaintiff status and reputation as a consultant, educator, and candidate for admission to practice law.

40. This interference with Plaintiff's existing and prospective business and contractual relationships in continuing and intentional and has proximately resulted in and/or result in damage to Plaintiff, including loss of income, loss of future earnings, and other damages, in an amount deemed at time of trial to be just, fair and appropriate and in the sum of not less than $ One-Million Dollars ($1,000,000).

## FIFTH CAUSE OF ACTION

41. Plaintiff repeats paragraphs 1 thorough 40 as if fully set forth herein.

42. That Defendant Gwendolyn Cole-Hoover did enter into a contract with Plaintiff wherein Plaintiff provided certain consulting services.

43. That Defendant Gwendolyn Cole-Hoover did breach such contract.

44. That this breach of contract by Defendant Gwendolyn Cole-Hoover has resulted in and/or result in damage to Plaintiff, including loss of income, and other damages, in an amount deemed at time of trial to be just, fair and appropriate and in the sum of not less than $ One-Hundred-Thousand Dollars ($1,000,000).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully pray this Court:

1. Assume jurisdiction of this action,

2. Grant Plaintiff an Order providing relief requested herein.

3. Grant Plaintiff such other and further relied as the Court deem just and proper.

Respectfully,

Kenneth Nixon, Plaintiff
326 Cornwall Avenue
Buffalo, NY 14215
(716) 603-7062