**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**KENNETH NIXON**

                            **Plaintiff,**                    09-CV-0237A(Sr)

**v.**

**GWENDOLYN COLE-HOOVER**

**and**

**ANDREA COLE-CAMEL**

                    **Defendants.**

_____


### REPORT, RECOMMENDATION AND ORDER

            This case was referred to the undersigned by the Hon. Richard J. Arcara,

pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon

dispositive motions.  Dkt. #4.


            Currently before the Court is defendants' motion to dismiss plaintiff's

complaint for failure to prosecute and for default judgment on defendants'

counterclaims, plus reasonable attorney's fees and costs.  Dkt. #30.  For the following

reasons, it is recommended that defendants' motion to dismiss be granted and that an

order of default be entered against plaintiff on defendants' counterclaims.

## BACKGROUND

On or about November 29, 2008, Gwendolyn Cole-Hoover duly executed a durable general power of attorney appointing Kenneth Nixon as her attorney-in-fact. Dkt. ##1 & 2, ¶ 12. On or about February 2, 2009, while the durable power of attorney remained in effect, Kenneth Nixon received approximately $29,000 in cash and cashier's checks from Andrea Cole-Camel. Dkt. ##1 & 2, ¶¶ 13 & 18.

On or about February 25, 2009, Gwendolyn Cole-Hoover claimed that Kenneth Nixon stole money that Andrea Cole-Camel had given Kenneth Nixon to deliver to Gwendolyn Cole-Hoover. Dkt. ##1 & 2, ¶ 20. Andrea Cole-Camel similarly claimed that Kenneth Nixon stole money that she intended her sister, Gwendolyn Cole-Hoover, to have. Dkt. ##1 & 2, ¶ 27.

Kenneth Nixon commenced this action alleging that the statements made by Gwendolyn Cole-Hoover and Andrea Cole-Camel on or about February 25, 2009 were false and defamatory, causing him mental anguish, emotional distress and damage to his professional reputation and image. Dkt. #1, ¶¶ 25, 32 & 36.

Gwendolyn Cole-Hoover and Andrea Cole-Camel answered plaintiff's complaint on May 13, 2009 and asserted two counterclaims alleging breach of fiduciary duty and false representation by Kenneth Nixon. Dkt. #2. Defendants allege that Kenneth Nixon falsely represented to them that he was a lawyer who could initiate a lawsuit against the attorneys who settled the estate of Tillman Cole in Barnwell County, South Carolina. Dkt. #2, ¶ ¶ 56-57. As a result of this representation, Gwendolyn Cole-Hoover executed the power of attorney to permit Kenneth Nixon to obtain certain records regarding Tillman Cole's estate. Dkt. #2, ¶ 56. Moreover, Gwendolyn Cole-

Hoover, Andrea Cole-Camel and other family members provided Kenneth Nixon with more than $7,500 to travel to Barnwell, South Carolina to review and retrieve documents and initiate a lawsuit against the attorneys who handled the estate of Tillman Cole.  Dkt. #2, ¶ 58.  They further allege that on or about February 4, 2009, while Kenneth Nixon was in Columbia, South Carolina, Andrea Cole-Camel gave Kenneth Nixon approximately $29,000 to give to Gwendolyn Cole-Hoover, but he tendered only $7,100 of this money to Gwendolyn Cole-Hoover, falsely informing her that this was all that was sent by Andrea Cole-Camel.  Dkt. #2, ¶ 60.

The answer with counterclaims is accompanied by a certificate of service indicating that it was filed electronically with the Clerk of the Court and mailed to Kenneth Nixon at the address set forth in his complaint.  Dkt. #3.

Kenneth Nixon has not answered the counterclaims.  In addition, he failed to appear at the Preliminary Pretrial Conference scheduled for October 6, 2009.  Dkt. #5.  The Court rescheduled the Preliminary Pretrial Conference for October 20, 2009.  Dkt. #6.  In a declaration dated October 19, 2009, counsel for defendants advised that he had attempted to contact Kenneth Nixon at the telephone provided by Nixon to the Court upon filing of this action, but received an automated message that the number was no longer in service.  Dkt. #7, ¶ 5.

The Preliminary Pretrial Conference was rescheduled to November 19, 2009, however plaintiff failed to appear.  Dkt. #9.  The Court directed counsel for the defendants to file a motion to dismiss for failure to prosecute and a motion for default on defendants' counterclaims and scheduled oral argument on the motions for November 30, 2009.  Dkt. #9.  The Clerk of the Court mailed Kenneth Nixon notice of

the Court's intention to entertain the motion to dismiss and entry of default on November 30, 2009. In addition, counsel for defendant certifies that a copy of his motion was served upon Kenneth Nixon by mail on November 23, 2009. Dkt. #10-3. Defendants' motion to dismiss warns that plaintiff's failure to appear on November 20, 2009 could result in his action being dismissed and a default being entered on defendants' counterclaim. Dkt. #10. Kenneth Nixon did not appear as directed, has not responded to the motion and has had no contact with the Court subsequent to the filing of this complaint.

## DISCUSSION AND ANALYSIS

**Dismissal for Failure to Prosecute**

Rule 41(b) of the Federal Rules of Civil Procedure provides that

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

However, the Court of Appeals for the Second Circuit has required district courts to afford *pro se* plaintiffs "special leniency regarding procedural matters" and "has repeatedly detailed factors . . . to be considered before dismissal for failure to comply with a court order." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). "[T]hese factors significantly cabin a district court's discretion under Rule 41(b), so that deference is due to the district court's decision to dismiss a *pro se* litigant's complaint only when the circumstances are sufficiently extreme." *Id.* (internal quotation omitted). As a result, a district court contemplating dismissing a plaintiff's case for failure to prosecute must consider: (1) the duration of the plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether the

defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and (5) whether the judge has adequately assessed the efficacy of lesser sanctions. *Id.* (internal quotation omitted).

With respect to the first factor, the Court notes that as a result of plaintiff's failure to appear for the pretrial conference, this case has been pending for more than eight months without the entry of a Case Management Order. With respect to the second factor, the Court mailed plaintiff a minute entry noting that it was directing the defendants to file a motion to dismiss for failure to prosecute and a motion for judgment on defendants' counterclaim and that this motion would be heard on November 30, 2009. Dkt. #9. Moreover, defendants' motion to dismiss warns that plaintiff's failure to appear on November 20, 2009 could result in his action being dismissed and a default being entered on defendants' counterclaim. Dkt. #10. The Court is concerned that further delay in these proceedings will inure to the benefit of the plaintiff and significantly prejudice defendants given plaintiff's admission that he received $29,000 from Andrea Cole-Camel and defendants' allegations that plaintiff failed to tender that money to Gwendolyn Cole-Hoover as directed. The Court has afforded plaintiff three opportunities over the course of several months to appear and prosecute his complaint without response from plaintiff. Given plaintiff's complete failure to take any action subsequent to the filing of his complaint, the Court is stymied as to any sanction other than dismissal which could preserve the integrity of the Court's authority over *pro se* litigants such as plaintiff.

Accordingly, it is recommended that defendants' motion to dismiss for failure to prosecute be granted and that plaintiff's complaint be dismissed with prejudice in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

**Default on Defendants' Counterclaims**

"Federal Rule of Civil Procedure 55 is the basic procedure to be followed when there is a default in the course of litigation." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004). This Rule provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).[1] The Rule "tracks the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party." *Vermont Teddy Bear Co., Inc.,* 373 F.3d at 246. As Kenneth Nixon has failed to answer defendants' counterclaims, despite a certificate of service indicating service of the pleading in accordance with Rule 5 of the Federal Rules of Civil Procedure on May 13, 2009, it is recommended that defendants' motion for entry of default be granted and that a default judgment on liability be entered against Kenneth Nixon.

<u>**CONCLUSION**</u>

For the foregoing reasons, it is recommended that defendants' motion (Dkt. #10), to dismiss plaintiff's complaint with prejudice and to enter an order of default against plaintiff on defendants' counterclaims be **GRANTED**.

---

[1] In accordance with Fed. R. Civ. P. 55(b), following the entry of default and upon application by the party seeking judgment, the court will conduct an inquiry, by hearing or affidavit, to ascertain the amount of damages with reasonable certainty. *See Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 154 (2d Cir. 1999); *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report,

-7-

Recommendation and Order), may result in the District Judge's refusal to consider the objection.

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to plaintiff and to counsel for defendants.

**SO ORDERED.**

DATED:  Buffalo, New York
        December 3, 2009

                                    __s/ H. Kenneth Schroeder, Jr.__
                                    **H. KENNETH SCHROEDER, JR.**
                                    **United States Magistrate Judge**